## LARKIN RAY v. JOHN HORTON.

*Claim and Delivery--Action against Sheriff--Collection of Taxes.*

1. A Sheriff is liable in an action for claim and delivery for property seized by him for taxes after the expiration of the time limited by law for their collection.
2. Where the defendant was authorized (ch. 45, Laws 1874–'5,) to collect taxes in arrear for certain years "with all the powers which belonged to him as Sheriff," having been theretofore (ch. 150, Laws 1873–'4,) allowed until July 1st, 1874, to make his final settlement with the County Treasurer; *Held,* that he accepted the indulgence under such rules and regulations as were prescribed by law for the regular collection of taxes and was entitled under Laws 1873–'4, ch. 133, § 44, to only one year from the date prescribed for settlement to finish his collections.

CLAIM and DELIVERY tried at Fall Term, 1876, of WATAUGA Superior Court, before *Buxton, J.*

The plaintiff instituted this action for the delivery of a

RAY v. HORTON.

yoke of oxen which had been seized by the defendant, as Sheriff of said County, to satisfy an execution for taxes alleged to be due by the plaintiff. The defendant proceeded under an Act of Assembly authorizing him to collect taxes in arrear, and upon the case agreed, His Honor gave judgment in favor of the defendant and the plaintiff appealed.

*Messrs. Hill & Neal* and *R. F. Armfield*, for plaintiff.
No counsel for defendant.

FAIRCLOTH, J. From the case agreed it appears that the defendant was Sheriff of Watauga County for the years of 1870, 1, 2, 3, and failed to collect all the taxes for those years.

By an Act of 1874–'75, ch. 45, ratified December the 19th, 1874, he was authorized and allowed to collect all taxes in arrears and still due for those years with all the powers which belonged to him as Sheriff for said years. In this Act there is no limitation as to time. By an Act ratified on the *same* day (ch. 47) all Sheriffs, Collectors, &c., are authorized to collect arrears of taxes for the years 1872, 3, 4, under such rules as are now (then) prescribed by law for the regular collection of taxes with a limitation (§ 4) on this power to the 31st day of December, 1875.

By the Machinery Act of 1873–'74, ch. 133, § 35, Sheriffs and other accounting officers are required to settle and pay their public tax account on or before the first Monday in December in each year; and by § 44, they shall have one year, and no longer, from the day prescribed for settlement and payment to finish the collection of all taxes; and similar provisions are in the Machinery Act of 1874–'75, ch. 184.

By an Act (1873–'74, ch. 150) the defendant was allowed until the 1st day of July, 1874, to make his final settlement with the County Treasurer.

On the 29th day of July, 1876, the defendant seized the

plaintiff's property for said taxes under said Act of 1874-'75, ch. 45, and the plaintiff insists that defendant's authority to do so had ceased, but the defendant says he is not limited in time by the Act first above mentioned.

We have cited these several Acts to show that the Legislature intends a certain day in all instances for settlement of taxes by Sheriffs and Tax Collectors, and a certain time within which they may be collected from the citizens, and we think any other course in these two respects would be very bad policy.

The defendant by neglecting to collect the taxes at the time they were due, lost his right to do so, although he was bound to make his settlement, and by said Act his right is restored as a favor, and it does not look well for him to claim more privilege now than he had before he was guilty of negligence. It is true the plaintiff should pay his taxes, but we think it would be dangerous for the Legislature to extend this privilege indefinitely to Tax Collectors.

When the defendant accepted the indulgence in the Act of 1874-'75, ch. 45, "with all the powers which belonged to him as Sheriff," we think he accepted it, "under such rules and regulations as were prescribed by law for the regular collection of taxes," as was declared in ch. 47, above, and passed on the same day; and one of these regulations was that he should have one year and no longer from the day prescribed for settlement to finish his collections (ch. 133, §44) and his day for settlement had long since passed; but we find that the Legislature had extended his day of settlement to the 1st day of July, 1874. Acts 1873-'74, ch. 150.

According to this view his authority ceased July the 1st, 1875; and under his Act, ch. 45, it ceased December the 19th, 1875; and if we look to the simultaneous Act (ch. 47) for guidance, it ceased December 31st, 1875.

We therefore think the defendand was guilty of a trespass on said property.

There is error. Let judgment be entered here for the plaintiff for the amount agreed and for costs.

PER CURIAM.                    Judgment accordingly.